what has been done, and promise that the offense shall not be repeated. And then it is to be remembered that we consider only the disobedience of the orders of the court and not the general criminal act. And though the wrong done was great, still it is but justice to say that at Peoria, as elsewhere in this circuit, there was no destruction of property as at Pittsburgh; on the contrary, there were in some places earnest efforts made by the strikers to preserve property.

Again, we do not lose sight of the fact that at Peoria, as elsewhere in the circuit, persons who aided in depriving the receiver of control over the property, did not fully realize the nature of the offense as against the court. They must to a great extent be held answerable for all the consequences which followed from their wrongful and violent acts, but it must be admitted that after a time, when they fully comprehended that they were obstructing the orders of the courts and the possible results, they relinquished the control of the trains and allowed the receiver to retake possession. In Peoria this was sooner accomplished than in some other places. So, that in view of these considerations, and with the concurrence of the district attorney and the counsel of the receiver, all the defendants will now be discharged, on each one giving his own recognizance to observe the laws of the United States, and to abstain from all wrongful interference with any property in the possession of a receiver of this court, for one year from this time.

NOTE. See, also, King v. Ohio & M. Ry. Co. [Case No. 7,800].
The authorities on the subject of contempt of court by interfering with property in the hands of a receiver can be found in 2 Daniell, Ch. Prac. 1743, and in High, Rec. §§ 163–174.

## Case No. 12,605a.

### The SECRET.

[See 15 Fed. 480.]

## Case No. 12,606.

### In re SECTIONAL DOCK CO.

[The case reported under above title in 3 Dill. 83. is the same as Case No. 3,536.]

SECTIONAL DOCK CO. (SALVOR WRECKING CO. v.). See Case No. 12,-273.

SECURITY INS. CO. v. The MILWAUKEE. See Case No. 9,625.

## Case No. 12,607.

### SECURITY INS. CO. v. TAYLOR.

[2 Biss. 446.] [1]

District Court, N. D. Illinois. Feb., 1871.

EXECUTORS—FOREIGN—ACTION AGAINST.

1. An executor cannot be compelled to appear and answer in a state where he has not taken out letters testamentary, nor done any official act.

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

2. His power and liability are local, and the fact that process is served upon him while within the jurisdiction of this court, does not make him amenable to its process in his representative capacity.
[Cited in brief in Luce v. Manchester & L. R. Co., 63 N. H. 588, 3 Atl. 619.]

3. A scire facias in this court to bring in the executors of a Wisconsin estate, will be dismissed.

This was a demurrer to a plea in abatement to a scire facias to make the executors of the defendant, Emeline Taylor, parties to this proceeding. The original proceeding was a libel in personam for a marine tort, filed by the libellant, the Security Insurance Company, against Emeline Taylor, executrix of Isaac Taylor, deceased; John Campbell and Hollingford Warfield alleging in substance that they were the owners of the steamer Geo. S. Weeks, a vessel of twenty tons burthen, duly licensed and enrolled, and plying upon the waters of the Mississippi river between the port of Red Wing, in the state of Minnesota, and Savannah, in the state of Illinois; that respondents, as the owners of said steamer, were guilty of negligence in the transportation of a cargo of wheat from Red Wing to Savannah, by which the libellants sustained great damages. On the hearing an interlocutory order was entered in favor of the libellants, and reference made to one of the masters of this court to take testimony, and report as to the extent of the damages sustained. Exceptions were taken to the master's report, and a hearing had upon these exceptions. Pending the decision upon that hearing, a suggestion was made of the death of the respondent, Emeline Taylor, and leave was taken to issue a scire facias to make her executors parties to the proceeding. That scire facias was served upon one Kelly, alleged to be one of the executors of Mrs. Taylor, who came in and pleaded in abatement to the scire facias that Emeline Taylor, during her lifetime, was domiciled in the state of Wisconsin, that her residence was there, that she died there, and her will was probated there, and had not been probated in the state of Illinois; that the respondent Kelly is one of three executors named, and that they have proved the will in the county of Racine, in the state of Wisconsin, and are acting as such executors, under letters testamentary from the proper court of said county; that he was casually in the state of Illinois when served with process, and has never in any wise acted as executor within the jurisdiction of this state. To this plea libellants demurred.

Rae & Mitchell, for libellants.
Wm. F. Whitehouse, for respondent.

BLODGETT, District Judge. It seems very clear to me that this scire facias cannot be sustained. The law is well settled that executors and administrators cannot act out of the jurisdiction in which they are ap-